# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STALLARD<br><br>　　　Plaintiff,<br><br>v.<br><br>OSMOSE UTILITIES SERVICES, INC.<br><br>　　　Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Jennifer Stallard ("Plaintiff"), through her undersigned counsel, and files this lawsuit against Osmose Utilities Services, Inc. ("Osmose" or "Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief for Defendant's failure to pay Plaintiff for all hours worked and for overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA").

## JURISDICTION AND VENUE

2. This is an action for unpaid wages, including overtime wages, under the FLSA. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

4. Plaintiff is a citizen of the United States of America and a resident of the State of Virginia.

5. Defendant is a for-profit business that is licensed to conduct business in Georgia. Defendant is headquartered at 635 Hwy 74 S, Peachtree City, Georgia 30269.

6. Defendant may be served with process via its registered agent: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7. Defendant was the employer of Plaintiff as defined by the FLSA at all times relevant to this Complaint.

8. At all relevant times, Defendant was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206 and § 207.

9. Upon information and belief, Defendant had gross annual revenues in excess of $500,000.00 at all relevant times.

10. Defendant employed Plaintiff from August 2017 through on or about October 4, 2019. Plaintiff's last job position with Defendant was Senior Technician.

11. At all times relevant to this Complaint, Defendant classified Plaintiff as a non-exempt employee.

12. At all relevant times, Defendant maintained a practice of paying Plaintiff a weekly rate that did not compensate her for all compensable hours and failed to pay her all owed overtime compensation.

## STATEMENT OF FACTS

13. Plaintiff was hired by Defendant in August 2017 as a crew member.

14. Plaintiff was promoted to the position of Foreman Trainee in January 2018.

15. After successfully completing training, Plaintiff was promoted to the position of Foreperson in February 2018.

16. In January 2019, Plaintiff was promoted to the position of Senior Technician.

17. Defendant terminated Plaintiff on or about October 4, 2019.

18. At all relevant times, Plaintiff was classified by Defendant as a non-exempt employee.

19. During the time that Plaintiff worked as a Foreperson, she performed pre- and post-shift work for which she was not compensated. This work included cleaning and sharpening tools, inventorying the materials used (chemicals, tarps and tools), payroll, loading and unloading the Utility Terrain Vehicle ("UTV"), picking up other crew members to take them to a job site, and ensuring crew members took the required company tests.

20. Plaintiff estimates that she spent 11-14 hours per week on these tasks from January 1-December 31, 2018.

21. These unpaid pre-shift and post-shift hours, if properly counted, would have caused Plaintiff's weekly hours worked to exceed 40, and therefore should have been compensated at her overtime rate of pay.

22. In addition, as both a Foreperson in 2018 and as a Senior Technician from January 1, 2019 through her termination on October 4, 2019, Plaintiff was not compensated for monthly travel time between her home in Danville, Virginia and her out-of-town work location(s).

23. Out-of-town work locations were assigned by Defendant.

24. The FLSA provides that when employers require that employees travel away from their home communities overnight, "travel away from home is clearly worktime when it cuts across the employee's workday." 29 C.F.R. § 785.35; *see also* WHD Opinion Letter FLSA-292 (Jan. 9, 1951) (concluding that compensable time includes "all time spent in such travel during the hours which correspond to [the employee's] normal working hours, including those hours on Saturday and Sunday which correspond to [the employee's] normal working hours on other day of the week.")

25. During the time she worked as a Foreperson, Plaintiff estimates that she traveled between out-of-town worksites from her home in Danville, Virginia approximately twice per month for which she was not compensated.

26. As a Senior Technician, Plaintiff estimates she spent 16-20 hours of travel time each month traveling between home and her out-of-town work locations for which she was not compensated during 2019.

27. If properly counted, these hours would have caused Plaintiff's weekly hours worked to exceed 40, and therefore should be compensated at her overtime rate(s) of pay.

28. During the applicable statutory period, Plaintiff routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation of her overtime hours worked.

29. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201, *et seq*., as described in this Complaint in ways including, but not limited to, failing to compensate Plaintiff for pre- and post-shift work, failing to compensate Plaintiff for all travel time between her home and out-of-town work location, and and failing to pay Plaintiff overtime compensation.

30. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

31. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of wages for all hours worked in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs.

### COUNT ONE
### Violations of the Fair Labor Standards Act
**(Failure to Pay for All Hours Worked)**

32. Plaintiff reasserts and incorporates by reference paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. The FLSA requires employers, such as Defendant, to minimally compensate employees, such as Plaintiff, at the federal minimum wage for each hour worked.

34. Defendant violated the FLSA by failing to compensate Plaintiff for pre- and post-shift work during the time she worked as a Foreperson.

35. Defendant required Plaintiff to perform the following pre- and post-shift job duties without compensation: cleaning and sharpening tools, inventorying the materials used (chemicals, tarps and tools), payroll, loading and unloading the UTV, picking up other crew members to take them to a job site, and ensuring crew members took the required company tests.

36. Defendant violated the FLSA by failing to compensate Plaintiff during the time she spent performing pre- and post- shift work from January 1-December 31, 2018.

37. Defendant also violated the FLSA by failing to compensate Plaintiff for monthly travel between her home in Danville, Virginia to her out-of-town work location(s) from January 1, 2019 through her termination on October 4, 2019.

38. Plaintiff estimates she spent 16-20 hours of travel time each month traveling between home and her out-of-town work locations for which she was not compensated during 2019.

39. At all relevant times, Defendant failed to maintain accurate records of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

40. From January 2018 through October 2019, Defendant required, suffered and/or permitted Plaintiff to work without paying Plaintiff for all hours worked each workweek.

41. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost income and other damages.

42. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendant knew or showed reckless disregard for the fact that its pay practices were in violation of the law.

43. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of wages for all hours worked in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs.

## COUNT TWO
### Fair Labor Standards Act
**(Failure to Pay Overtime Compensation)**

44. Plaintiff reasserts and incorporates by reference paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. From January 2018 through October 2019, Defendant required, suffered and/or permitted Plaintiff to work more than forty (40) hours per week without paying Plaintiff time and one-half her regular hourly rate for all hours worked over forty (40) in a week.

46. From January 2018 through October 2019, Plaintiff consistently worked more than forty (40) hours per week but was not paid time and one-half her regular hourly rate(s) of pay for any and all hours worked over forty (40) per week.

47. Defendant failed to maintain accurate records of Plaintiff's actual hours in violation of the FLSA's recordkeeping requirements.

48. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages.

49. Defendant's conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendant knew or showed reckless disregard for the fact that the pay practices were in violation of the law.

50. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime wages at a rate of one and one-half her regular hourly rate of pay for any and all hours worked over forty (40) per week in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

(a) For a trial by jury;

(b) For a finding that Defendant violated Plaintiff's rights as set forth herein;

(c) For a judgment in Plaintiff's favor for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA;

(d) For all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA, and

(e) For such other relief as this Court deems proper and just.

Dated this 2nd day of June, 2021.

          Respectfully submitted,

          */s/Beth A. Moeller*
          Beth A. Moeller
          Georgia Bar No. 100158
          bmoeller@moellerbarbaree.com
          MOELLER BARBAREE LLP
          1175 Peachtree Street, N.E.
          Suite 1850
          Atlanta, Georgia 30361
          Telephone: (404) 748-9122